**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSAN LEHR, | Case No: |
| Plaintiff | Jury Trial Demanded |
| *versus* | |
| OLLIE'S BARGAIN OUTLET, INC, AMBER LYTLE, LARRY KRAUS, and DYLAN THOMPSON, ESQUIRE, | |
| Defendants | |

**COMPLAINT**

Plaintiff Susan Lehr ("Lehr"), by and through her counsel, files this complaint against Defendants Ollie's Bargain Outlet, Inc. ("Ollie's"), Amber Lytle ("Lytle"), Larry Kraus ("Kraus"), and Dylan Thompson, Esquire ("Thompson"), stating as follows:

**Introduction**

1. This is an action for age discrimination and retaliation arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq* (ADEA), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*

(PHRA), and to recover unpaid wages pursuant to the Pennsylvania Wage Payment & Collection Law, 43 P.S. § 260.1, *et seq* (WPCL).

2. Plaintiff, 57 years old at the time of her termination, was subjected to discriminatory treatment due to her age and ultimately terminated in retaliation for complaining of age-based discrimination.

3. Additionally, Plaintiff was also unlawfully denied her earned 2024 annual bonus.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred in this District and Defendants conduct business in this District.

## Parties

7. Plaintiff Susan Lehr is an adult individual residing in New Cumberland, Pennsylvania.

8.   Defendant Ollie's is a corporation doing business in Harrisburg, Pennsylvania, and employs more than 20 employees.

9.   Defendant Lytle was Lehr's supervisor and an employee of Ollie's.

10.  Defendant Kraus was Ollie's Chief Information Officer during Lehr's employment.

11.  Defendant Thompson was an in-house attorney for Ollie's.

12.  At all relevant times, the individual Defendants acted within the scope of their employment and aided and abetted unlawful discrimination and retaliation.

**Administrative Exhaustion**

13.  On April 29, 2025, Lehr timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination and retaliation

14.  The Charge was dual-filed with the Pennsylvania Human Relations Commission.

15.  On or about May 29, 2025, the EEOC transferred the charge to the PA Human Relations Commission (PHRC) for investigation pursuant to the agencies' work-sharing agreement.

16. For administrative exhaustion, the ADEA requires only that 60 days pass after a charge alleging unlawful discrimination has been filed with the EEOC and does not require the receipt of a right-to-sue notice.

17. While one year has not passed since the administrative filing of Lehr's PHRA claim, courts in the Third Circuit have adopted a flexible approach to PHRA exhaustion by permitting plaintiffs to maintain PHRA claims if the period of exhaustion expires during the pendency of litigation.[1]

18. As more than 60 days have passed since Lehr filed her ADEA charge and the one-year period since Lehr filed her PHRA charge will expire during the pendency of this litigation, Lehr has satisfied all administrative prerequisites to filing suit under the ADEA and PHRA.

### Factual Allegations

19. Lehr began employment with Ollie's on or about May 13, 2024.

20. Lehr held the position of Information Technology Project Manager.

---

[1] See Eldridge v. Municipality of Norristown, 828 F. Supp. 2d 746, 758 (E.D. Pa. 2011) (citing Rosetsky v. Nat'l Bd. of Med. Examiners of U.S., Inc., 350 Fed. Appx. 698, 703 & n.3 (3d Cir. 2009); Schaefer v. Independence Blue Cross, Inc., No. 03-cv-5897, 2005 U.S. Dist. LEXIS 46902, 2005 WL 181896, at **5-6 (E.D. Pa. Jan. 26, 2005); Violanti v. Emery Worldwide A-CF Co., 847 F.Supp. 1251, 1257, 1258 (M.D. Pa. 1994); Wardlaw v. City of Phila., No. 09-cv-3981, 2011 U.S. Dist. LEXIS 29655, 2011 WL 1044936, at **3 & n.45 (E.D. Pa. Mar. 21, 2011)).

21. At the time of her termination, Lehr was 57 years old.

22. For approximately nine months at the start of her employment, Lehr reported directly to Kraus, who was the CIO.

23. Lehr performed her duties satisfactorily and received positive performance feedback, including recognition for exceptional performance (referred to within the company as "Ollie-tudes").

24. In early February 2025, Lehr was reassigned to report to Lytle, who upon information and belief is in her 30s.

25. Immediately after this reassignment, Lytle began subjecting Lehr to repeated and unwarranted criticism, inconsistent with Lehr's work performance.

26. Lytle excluded Lehr from meetings and falsely represented that Lehr had been demoted.

27. Lytle made comments reflecting age-based bias and linking this bias to her criticism of Lehr's work, including:

    a. That she "expected more from someone as senior" as Lehr; and

    b. That "someone [Lehr's] age should know better what is expected of her."

28. Younger employees under Lytle's supervision were not subjected to similar treatment.

29. As a result of this treatment, Lehr experienced stress and anxiety requiring counseling.

30. On or about March 9, 2025, Lehr formally complained to Senior Vice President of Human Resources Tirza Shreiber ("Schreiber") regarding Lytle's discriminatory conduct.

31. On March 11, 2025, Lehr met with Kraus, who told her he did not see a path forward for her because she contacted HR.

32. From March 9-20, Lehr actively participated in the investigation into her complaints of age discrimination.

33. On March 20, 2025, Shreiber advised Lehr that the company was closing its investigation and finding no discrimination.

34. Shreiber essentially placed the burden on Lehr to remediate the discrimination by further instructing Lehr to try to work with Lytle to build a better relationship moving forward.

35. Just four days later, on March 24, 2025, Defendants terminated Lehr.

36. Lehr was told that the reason for her termination was that Ollie's wished to "put an end to the drama."

37. Defendants later took a different position, claiming Lehr was terminated for poor performance.

38. Defendants' stated reasons for Lehr's termination were false and inconsistent with her documented performance.

39. The close temporal proximity between Lehr's complaint and her termination is unusually suggestive of retaliation.

40. During the termination meeting, Defendant Thompson threatened that Lehr would lose her already-earned 2024 annual bonus if she did not immediately agree to a severance proposal and agree not to sue the company.

41. To date, Lehr has not been paid her earned 2024 annual bonus.

**COUNT I**
**Age Discrimination in Employment Act**
**(Against Ollie's)**

42. Lehr incorporates the preceding paragraphs here.

43. Lehr was over 40 years of age and qualified for her position.

44. Lehr suffered adverse employment actions including termination and denial of earned compensation.

45. Lehr was treated less favorably than substantially younger employees.

46. Lehr engaged in protected activity by complaining of age discrimination.

47. Lehr suffered termination shortly thereafter.

48. The temporal proximity, statements by management, and lack of a legitimate, nondiscriminatory reason for the termination demonstrate retaliatory animus.

49. Ollie's stated reason for termination was pretextual.

50. Lehr's age and her complaints of age discrimination were the reasons for her termination.

## COUNT II
### Pennsylvania Human Relations Act
### (Against All Defendants)

51. Lehr incorporates the preceding paragraphs here.

52. Defendants engaged in discriminatory conduct on the basis of Lehr's age in violation of 43 P.S. § 955(a), as described above.

53. Defendants retaliated against Lehr in violation of 43 P.S. § 955(d).

54. Through their involvement in Lehr's termination, Defendants Lytle, Kraus, and Thompson aided and abetted discriminatory and retaliatory conduct in violation of 43 P.S. § 955(e).

## COUNT III
### Pennsylvania Wage Payment and Collection Law
### (Against All Defendants)

55. Lehr incorporates the preceding paragraphs here.

56. Under Pennsylvania law, bonuses promised as part of compensation constitute wages when earned.

57. Prior to her termination, Lehr earned her 2024 annual bonus, which was due to be paid at or around the time of her termination.

58. Lehr's entitlement to the 2024 bonus was based in contract or quasi-contract.

59. Ollie's failed to pay the bonus within the time required by 43 P.S. § 260.5.

60. Ollie's failure to pay was not based on a good faith dispute.

**Requested Relief**

Lehr respectfully requests the Court enter judgment in her favor and against Defendants for all available remedies on the claims listed above, including the following:

a. Back pay and benefits;

b. Front pay and benefits should reinstatement prove unfeasible;

c. Statutory prejudgment interest;

d. Statutory post-judgment interest;

e. Liquidated damages;

f. Emotional distress and other compensatory damages;

g.    Reasonable attorney fees and costs;

h.    An Order prohibiting Defendant Ollie's and all persons in active concert or participation with it from engaging in unlawful age discrimination, disparate treatment, and any other employment practice which discriminates on the basis of age;

i.    An Order requiring Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers and which eradicate the effects of past and present unlawful employment practices; and

j.    Any other relief that this Court deems just and equitable.


Respectfully submitted,

KREVSKY BOWSER LLC

<u>/s/ Anthony T Bowser</u>
Anthony T Bowser (PA #204561)
abowser@krevskybowser.com
20 Erford Road | Suite 300A
Lemoyne, PA  17043
717.731.8600
*Counsel for Plaintiff*